FEIBLEMAN & Co. (INC.) *v.* UNITED STATES (No. 2319).[1]

CONSTRUCTION, PARAGRAPHS 920 AND 1430, TARIFF ACT OF 1922—MOSQUITO
NETS.

In paragraph 920, tariff act of 1922, the language "made on the Notting-
ham lace-curtain machine" modifies *all* the articles named in the paragraph,
and merchandise not made on such machine is not classifiable thereunder.
The effect of the paragraph is to except from the operation of paragraph 1430
such articles as are named in both paragraphs if made on such machine, but
not otherwise. Consequently mosquito nets not made on such machine are
dutiable as "nets" under paragraph 1430, and not as "nets" under paragraph
920.—G. A. 8679 (T. D. 39764).

United States Court of Customs Appeals, February 9, 1924.

APPEAL from Board of United States General-Appraisers, G. A. 8679 (T. D. 39764).

[Affirmed.]

*Irving Washburn* for appellant.
*William W. Hoppin,* Assistant Attorney General (*Edward J. Neary* and
*Abraham H. Goodman,* special attorneys, of counsel), for the United States.

[Oral argument, December 11, 1923, by Mr. Washburn and Mr. Neary.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate
Judges; HATFIELD, Associate Judge, participating in the decision by agree-
ment of counsel.

BLAND, Judge, delivered the opinion of the court:

The decision of the board in this case covers the facts and the law
completely. There has not been given a single plausible reason why
the position of the Government and the decision of the board is
incorrect. This court does not feel that it can add anything to the
very well considered and accurately worded opinion of the board and
will adopt the language of the Board of General Appraisers as its
decision, which is as follows:

The merchandise in question consists of mosquito nets, which were assessed
for duty by the collector as cotton nets or nettings at the rate of 90 per cent ad
valorem under the provisions of paragraph 1430, tariff act of 1922. The importers
claim that the merchandise is properly dutiable as nets or nettings at the appro-
priate rate, according to the number of points or spaces to the inch, but not less
than 60 per cent ad valorem, under the provisions of paragraph 920 of said act.
A claim is also made in the protest that the merchandise is properly dutiable as
manufactures in chief value of cotton at the rate of 40 per cent ad valorem under
paragraph 921 of said act, but that claim is not now relied on by the importers.

Counsel for the importers and the Assistant Attorney General have stipulated
and agreed in writing that the protest be submitted "upon the papers and
sample accompanying the protest herein, without hearing, together with the
briefs of the parties." The record before us shows that the merchandise in
controversy consists of mosquito nets made on a plain net machine rather than
on a Nottingham lace-curtain machine. The question for determination, there-
fore, is whether the merchandise falls within the provision for "nets and net-
tings" in paragraph 1430 of said act, as assessed, or whether it is properly dutiable

---

[1] T. D. 40030.

under the provision for nets or nettings in paragraph 920 of said act, as claimed by the importers. The competing paragraphs read as follows:

1430. Laces, lace window curtains, burnt-out laces, and embroideries capable of conversion into burnt-out laces, nets and nettings, embroidered or otherwise, veils, veilings, flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, fringes, gimps, ornaments; braids, loom woven and ornamented in the process of weaving, or made by hand, or on any braid machine, knitting machine, or lace machine; and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished (except materials and articles provided for in paragraphs 920, 1006, 1404, 1406, and 1424 of this act), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213 of this act, 90 per centum ad valorem.   *   *   *

920. Lace window curtains, nets, nettings, pillow shams, and bed sets, and all other articles and fabrics, by whatever name known, plain or Jacquard figured, finished or unfinished, wholly or partly manufactured, for any use whatsoever, made on the Nottingham lace-curtain machine, and composed of cotton or other vegetable fiber, when counting not more than five points or spaces between the warp threads to the inch, $1\frac{1}{2}$ cents per square yard; when counting more than five such points or spaces to the inch, three-fourths of 1 cent per square yard in addition for each point in excess of five; and in addition thereto, on all the foregoing articles in this paragraph, 25 per centum ad valorem: *Provided,* That none of the foregoing shall pay a less rate of duty than 60 per centum ad valorem.

The Government contends that inasmuch as the nets in question were made on a plain net machine they are excluded from the provisions of paragraph 920, as that paragraph is restricted to nets and other articles made on the Nottingham lace-curtain machine, and that therefore the nets in question are properly dutiable under paragraph 1430, as assessed. Counsel for the importer contends that notwithstanding the fact that the nets in question were not made on the Nottingham lace-curtain machine, they are, nevertheless, dutiable under said paragraph 920, for the reason, as he claims, that the phrase "made on the Nottingham lace-curtain machine" appearing in that paragraph does not modify or relate to the nets or nettings and other articles specified by name therein, but has reference solely to the provision in that paragraph for "all other articles and fabrics, by whatever name known, plain or Jacquard figured, finished or unfinished, wholly or partly manufactured, for any use whatsoever." In other words, he contends that the phrase "made on the Nottingham lace-curtain machine" should be eliminated from paragraph 920 so far as the provision for "lace window curtains, nets, nettings, pillow shams, and bed sets" is concerned and the paragraph, as to those articles, construed to read:

Lace window curtains, nets, nettings, pillow shams, and bed sets, and composed of cotton or other vegetable fiber, when counting not more than five points or spaces between the warp threads to the inch.   *   *   *

We find nothing in the phraseology of paragraph 920 to justify the construction urged by counsel for the importer. The statute is unambiguous, and it must be understood and applied according to the natural import of the language used. In its ordinary meaning and grammatical construction the statute contains a specific provision for a class of articles and fabrics when made on a certain machine, to wit, the Nottingham lace-curtain machine. Such articles and fabrics, if not so specifically provided for, would fall under the provisions of paragraph 1430. Congress, however, saw fit to make a special provision for such articles in paragraph 920, and expressly excepted them from the provisions of paragraph 1430. There is nothing in the punctuation or grammatical construction of paragraph 920 tending to limit the words "made on Nottingham lace-curtain machine," as counsel for the importer contends. On the con-

trary, we think the construction he seeks to have placed upon the statute, if sustained, would defeat the manifest purpose of Congress.

As we have already stated, the articles in controversy were made on a plain net machine. As such they are properly dutiable as nets or nettings at the rate of 90 per cent ad valorem under paragraph 1430, as assessed. It is suggested that to sustain this assessment on mosquito nets results in levying a high rate of duty on an inferior article. The statute, however, as we have said, is unambiguous, and in such a case the remedy is with Congress and not with the courts.

The protest is accordingly overruled, and the decision of the collector is affirmed.

The judgment of the Board of General Appraisers is *affirmed*.